UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

MARK WHITTAKER #248327,

        Plaintiff,

v.                                         Case No. 2:03-cv-43
                                         HON. R. ALLAN EDGAR

WILLIAM OVERTON, et al.,

        Defendants.

_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S

## REPORT AND RECOMMENDATION AS MODIFIED

The Court has reviewed the Report and Recommendation filed by the United States Magistrate Judge on July 30, 2008, which recommended denying Defendants' motions for dismissal (docket #37 and #41) and Plaintiff's motion for partial summary judgment (docket #46). The Court received objections from the parties. In accordance with 28 U.S.C. § 636(b)(1), the Court has performed *de novo* consideration of those portions of the Report and Recommendation to which objection has been made.

In his objections, Plaintiff merely reiterates the contentions set forth in his motion for summary judgment. For the reasons stated in the report and recommendation, Plaintiff's motion (docket #46) is properly denied.

In their objections, Defendants state that the Magistrate Judge erred in concluding that the motion for reconsideration, granted *ex parte* by the court on October 31, 2007, effectively tolled the statute of limitations in this case because Plaintiff did not refile, he merely sought to reopen his closed case. In support of this assertion, Defendants rely on *Carlton v. Smith*, 2007 WL 3102076,

No. 1:07-cv-398 (W.D. Mich. Oct. 22, 2007).  In *Carlton*, the plaintiff timely filed a civil rights action asserting his claims, which was dismissed without prejudice pursuant to the total exhaustion rule on April 25, 2005.  *See Carlton v. Smith*, No. 1:04-cv-708 (W.D. Mich. Apr. 25, 2005).  Following the Supreme Court's decision in *Jones v. Bock*, Plaintiff filed a new civil rights action asserting the same claims as those raised in the previously dismissed Case No. 1:04-cv-708.  In finding that the second action was barred by the statute of limitations, the court stated:

> After Plaintiff's complaint was dismissed without prejudice because it included both exhausted and unexhausted claims, Plaintiff did not appeal the decision, he did not re-file the complaint with only the exhausted claims, and he does not indicate that he attempted to exhaust the unexhausted claims. Plaintiff has not shown diligence in pursuing his rights. Neither has he shown that any other factors weigh in favor of tolling.

*Carlton v. Smith*, 2007 WL 3102076, slip op. 2.

Defendants claim that the reasoning in *Carlton* should extend to this case.  However, as noted by the Magistrate Judge in the report and recommendation, this case is distinct from that in *Carlton* because Plaintiff here did not file a new action.  Rather, Plaintiff filed a motion for reconsideration, which was granted by this court.  Unlike *Carlton*, this case involves one action, which was closed and has now been reopened.  Therefore, the date of filing in this case is unchanged, February 27, 2003.  As noted by Defendants, this date is within the three year statute of limitations.

Nonetheless, Defendants also cite *Edwards v. Burnett, et al.*, Case No. 05-73790, 2007 WL 1768770 (E.D. Mich. Jun. 15, 2007) and *Jackson v. Medical Service, Inc.*, No. 2:06-14841, 2008 WL 162553 (E.D. Mich. Jan. 16, 2008), in which the plaintiffs filed motions for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(6) pursuant to the United States Court's decision in *Jones v. Bock*, 127 S. Ct. 210 (2007).  In these unpublished decisions, the Eastern District denied relief, stating that a change in the law preceding a judgment is not sufficient grounds for a court to grant

relief under Rule 60(b)(6).  Therefore, Defendants here state that the order granting Plaintiff's motion for relief from judgment was wrongly decided and that they are entitled to dismissal of this action.  After reviewing the record, as well as the applicable case law, the court concludes that Defendants are correct.  Therefore, the court will grant Defendants' motions to dismiss (docket #37 and #41).

THEREFORE, IT IS ORDERED that the Report and Recommendation of the Magistrate Judge is adopted as modified as the opinion of the court and Plaintiff's motion for partial summary judgment (docket #46) will be denied.  Furthermore, Defendants' motions to dismiss (docket #37 and #41) will be granted and Plaintiff's complaint will be dismissed in its entirety.

IT IS FURTHER ORDERED that an appeal of this action would not be in good faith within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).  For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal.  Should plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g).  If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.  Accordingly, should plaintiff seek to appeal this matter to the Sixth Circuit, the appeal would be frivolous and not taken in good faith.

Dated:  _____9/26/08_____        _____*/s/ R. Allan Edgar*_____
                                                    R. ALLAN EDGAR
                                                    UNITED STATES DISTRICT JUDGE